UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Barden Culbreth, as Executor
of the Estate of
William Charles Rowan

    v.                                          Civil No. 19-cv-031-JD
                                                Opinion No. 2020 DNH 019
Edmond L. Macri, Jr.


O R D E R

The wrongful death claim in this case arises from a boating accident in which William Charles Rowan was killed. Rowan's mother, Kelly Viets Rowan, filed the original complaint against Edmond L. Macri, Jr., who was driving the boat at the time of the accident. Barden Culbreth, as executor of the estate of William Charles Rowan, then filed an assented-to motion to file an amended complaint, in which he pursued the wrongful death claim under RSA 556:12 and Kelly Rowan was no longer named as a party. The motion to amend was granted, and the amended complaint was filed.

Because Kelly Rowan is not named as a party in the amended complaint, the court ordered her to show cause why she should not be dismissed from the case. The court gave the other parties an opportunity to respond to her memorandum. Rowan filed her memorandum; Culbreth and Macri filed responses, and then Rowan filed a "Corrected Memorandum of Law."

Discussion

In her memorandum, Rowan contends that it was not the intention of the parties that she would be eliminated from the case.  She also argues that North Carolina law controls the wrongful death action and that under North Carolina law she would be entitled to distribution of any award of damages.  She argues that she is a necessary or indispensable party in order to protect her right to distribution.

Culbreth filed a response to Rowan's memorandum.  Culbreth contends that under RSA 556:19 he is the proper party, as the executor of William Charles Rowan's estate, to maintain the wrongful death claim.  He does not take a position, however, as to whether Rowan should remain as a party in the case.

Macri also filed a response in which he first states that he "takes issue with the suggestion that he has remained silent in the face of standing questions surrounding Ms. Rowan."  Doc. 35, at *2.  Macri also asserts that he can file a motion to dismiss the amended complaint until February 24, 2020.  In conclusion, Macri does not object to Rowan's participation in discovery but does object to having her continue as a plaintiff in the case.

A.  Choice of Law

     Rowan references North Carolina's wrongful death statute
and suggests, in passing, that North Carolina law should govern
the wrongful death claim in this case because the case has only
a "fortuitous" connection with New Hampshire.  She did not
provide any developed choice of law analysis, however.  See,
e.g., Moore v. Atrium Med. Corp., 2019 WL 4600367, at *2-*4
(D.N.H. Sept. 23, 2019) (discussing and applying New Hampshire's
threshold requirement of a conflict of laws and the five-factor
choice of law analysis).  In the absence of developed argument
on the choice of law issue, it is waived for purposes of the
current questions regarding Rowan's standing.  United States v.
Kilmartin, 944 F.3d 315, 332 n.6 (1st Cir. 2019).


B.  Operative Complaint and Proper Party

     Rowan challenges the general rule that an amended
complaint, once filed, supersedes the original complaint.  In
support, she argues that the circumstances were different in the
case cited for that rule in the show cause order, Brait Builders
Corp. v. Mass. Div. of Capital Asset Mgmt., 644 F.3d 5, 9 (1st
Cir. 2011), and the case it relied on, Connectu LLC v.
Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).  While the
underlying claims and facts were different in the cited cases,
Rowan has not shown that those differences are material to the

3

rule that an amended complaint supersedes the original.
Further, Rowan has cited no case that suggests a different rule
should apply here.  Her efforts to evade the general rule are
unpersuasive.  See, e.g., 4 Charles Alan Wright & Arthur R.
Miller, Federal Practice and Procedure § 1476 (3d Ed. 2019);
Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 27 n.8 (1st
Cir. 2018); Kolling v. Am. Power Conversion Corp., 347 F.3d 11,
16 (1st Cir. 2003); Medidea, L.L.C. v. DePuy Orthopaedics, Inc.,
--- F.3d ---, 2019 WL 6052370, at *9-*10 (D. Mass. Nov. 15,
2019); Cross v. DOC Sheriff of Suffock County House of Corr.,
2019 WL 5273247, at *2 (D. Mass. Oct. 17, 2019).

Rowan asserts that her standing to maintain the wrongful
death claim in this action is governed by New Hampshire law.
Under New Hampshire law, Rowan, as an interested party, had
standing to begin the wrongful death action.  RSA 556:19.
Thereafter, Culbreth, as the appointed administrator of William
Rowan's estate, has standing to prosecute the wrongful death
action that Rowan began.  Id.

Because there is no action for wrongful death under New
Hampshire common law, that cause of action exists only as
provided by statute.  Tanner v. King, 102 N.H. 401, 403 (1960).
As interpreted by the New Hampshire Supreme Court, RSA 556:19
allows an interested person only to begin a wrongful death
action not to prosecute the action.  Id.  Once begun by an

interested person, a wrongful death action must be dismissed unless the appointed administrator of the estate endorses the claim and continues to prosecute it.[1]  Id.; see also Canty v. Hopkins, 146 N.H. 151, 154 (2001) (an administrator has no duty to prosecute an unfounded claim brought by an interested party).

Despite her stated reliance on the New Hampshire wrongful death statute, Rowan also argues that she has standing to proceed as a party because under North Carolina law any award of wrongful death damages will be distributed to her.[2]  She asserts that distribution of an award of damages in this case is the key issue.  As is explained above, Rowan has not shown that North Carolina law governs in this case.  Further, the administration of the estate and distribution of any award of damages from the estate are matters that are beyond the scope of this case and outside the jurisdiction of the court.  See Marshall v. Marshall, 547 U.S. 293, 311-12 (2006); Gray v. Gray, 2019 DNH 207, 2019 WL 6701989, at *5 (D.N.H. Dec. 9, 2019).

---

[1] For that reason, Rowan's argument that she should be allowed to continue as a party in case Culbreth decides not to continue to prosecute the case is contrary to New Hampshire law.

[2] Rowan argues that RSA 556:19 does not preclude her from continuing as a party after the executor has entered an appearance.  Whether or not the statute would permit an interested party to continue to participate in a case after the administrator has appeared, is a different situation than is presented here.  The amended complaint eliminated Rowan as a party.  She is asking to be reinstated as a plaintiff.

Culbreth is the only named plaintiff in the amended complaint, which is the operative complaint in this case.[3] Despite the procedural anomalies that preceded the amended complaint, Culbreth is the plaintiff in this case, and the amended complaint is the operative pleading going forward.[4]

C.   Necessary or Indispensable Party

Rowan argues, nevertheless, that she must be added as a necessary or indispensable party because "complete relief cannot be accorded without her."  Doc. no. 37, at *7.  She relies on the federal rules pertaining to joinder of parties.  Fed. R. Civ. P. 19(a)(1)(A) and 19 (a)(1)(B)(i).  In his response, Culbreth represents that he is unaware of any authority that would allow Rowan to continue as a party in this case and that it is unnecessary for her to participate as a party.  Macri objects to Rowan participating as a plaintiff.

Rule 19(a)(1) states:  "A person who is subject to service of process and whose joinder will not deprive the court of

---

[3] Rowan is not named as a party in the caption or the body of the amended complaint.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; . . . .").  Further, she mentioned but was not included as a party in the body of the amended complaint.  Therefore, it does not appear that Rowan was mistakenly omitted.

[4] All parties are represented by counsel.  The procedural course that preceded the standing issues is fully set forth in the court's show cause order.  See Doc. no. 31.

subject-matter jurisdiction must be joined as a party" if certain circumstances exist.  One circumstance exists when "in that person's absence, the court cannot accord complete relief among the existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Another exists when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B)(i).

Rowan states that "[i]t is critically important that [she] participate in a determination of how any recovery is to be distributed where, as here, it appears that the estate reserves the right to argue that any recovery should be distributed in a manner that contradicts North Carolina law."  Doc. no. 37, at *7.  Macri asserts that the court will need to decide how a damages award will be distributed, particularly to aid settlement, but cites no authority in support of that theory.

As is explained above, Rowan has not shown that North Carolina law applies to the wrongful death claim in this case and agrees that New Hampshire law, RSA 556:19, governs her standing to proceed.  Under RSA 556:19 and 556:12, I, Culbreth as the executor of the estate is the proper plaintiff, and any award of damages will be made to him.  The issue of distribution of any award of damages will not be decided here because claims

against or with respect to administration of the estate must be made in the proper forum, which is not this court.

Therefore, Rowan has not shown that she must be joined as either a necessary or indispensable party in this case.


## Conclusion

For the foregoing reasons, Barden Culbreth, as executor of the estate of William Charles Rowan, is the only plaintiff in the case. Kelly Viets Rowan is dismissed from the case.

The operative complaint is the amended complaint, document no. 18.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 13, 2020

cc:  Counsel of record.